**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY**, *et al.*, <br><br> **Plaintiffs**, <br><br> -against- <br><br> **ARTUR AVETISYAN**, *et al.*, <br><br> **Defendants**. | 17-CV-4275 (LDH) (RML) <br><br> <u>DECLARATION OF DANIEL S. MARVIN</u> |

**DANIEL S. MARVIN** declares, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a Partner with the firm of Morrison Mahoney, LLP, attorneys for Allstate Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Indemnity Company, Allstate New Jersey Insurance Company, Allstate New Jersey Property and Casualty Insurance Company, Allstate Property and Casualty Insurance Company, and Northbrook Indemnity Company ("Plaintiffs" or "Allstate") in the above-entitled action, and I am fully familiar with all the facts and circumstances in this matter.

2. I submit this declaration in support of Allstate's Supplemental Brief and Motion pursuant to Rule 65 of the Federal Rules of Civil Procedure seeking a Temporary Restraining Order ("TRO") and Order temporarily staying all No-fault collection proceedings currently pending between Allstate and Advanced Orthopedic Solutions, Inc., Advanced Pharmacy, Inc., Almatcare Medical Supply, Inc., AVA Custom Supply Inc., Daily Medical Equipment Distribution Center, Inc., Lenex Services Inc., Lida's Medical Supply Inc., Life Equipment Inc., Top Q Inc., and Well Care Medical Equipment LLC (collectively "Retailers"), by enjoining the Retailers from

(i) proceeding with any No-fault collection actions currently pending between any of the Retailers and Allstate (the "Underlying Actions") until the resolution of the instant matter; and (ii) filing any new arbitration proceeding or civil actions seeking the collection of No-fault benefits from Allstate until the resolution of the instant matter.

3. I, and my law firm, were co-counsel to the Plaintiffs in the matter of *Allstate Insurance Company v. Harvey Family Chiropractic, Physical Therapy & Acupuncture, PLLC*, 677 Fed. App'x. 716 (2d Cir. 2017). As such I am fully familiar with the facts and circumstances of that matter.

4. The only issues placed before the Second Circuit in *Harvey Family*, as set forth in the "Statement of Issues" in Plaintiffs-Appellants' brief, were as follows:

    i) Whether the District Court erred by not finding that Section 1964(a) of the RICO Act, which authorizes the district courts of the United States "to prevent and restrain violations of Section 1962," is an "expressly authorized by Act of Congress" exception to 28 U.S.C § 2283 (the "Anti-Injunction Act").

    ii) Whether the District Court was authorized to issue the preliminary injunction requested by Plaintiff-Appellants, which sought a stay of state court cases being used in furtherance of continuing RICO violations, and erred by not doing so.

## **DECLARATION**

5. I declare under penalties of perjury that the foregoing is true and correct.

**WHEREFORE**, Plaintiffs respectfully request that Plaintiffs' Motion be granted in its entirety.

Dated: June 29, 2018
      New York, NY

                                                      /s/ Daniel S. Marvin
                                                Daniel S. Marvin, Esq.