# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

| | 120 BROADWAY, SUITE 1010<br>NEW YORK, NY 10271<br>212-825-1212 | | |
|---|---|---|---|
| Daniel S. Marvin<br>Phone: 646-870-1739<br>Fax:     646-233-1907<br>jmckenney@morrisonmahoney.com | | MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER<br><br>CONNECTICUT<br>HARTFORD<br>STAMFORD<br><br>ENGLAND<br>LONDON | NEW HAMPSHIRE<br>MANCHESTER<br><br>NEW JERSEY<br>PARSIPPANY<br><br>NEW YORK<br>NEW YORK<br><br>RHODE ISLAND<br>PROVIDENCE |

August 7, 2018

**VIA ECF**
Hon. LaShann DeArcy Hall
United States District Court Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *Allstate Ins. Co., et al. v. Avetisyan, et al.* No. 17-CV-4275 (LDH) (RML)
         Limited Response to Defendant Lenex Services, Inc.'s Memorandum of Law
         (ECF No. 184)

Dear Judge DeArcy Hall:

Along with Cadwalader, Wickersham & Taft LLP, we represent Plaintiffs in the above entitled action, and write for the limited purpose of pointing out a glaring and misleading statement of law set forth by Defendant Lenex Services, Inc. in its Memorandum of Law (ECF No. 184) in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Stay. In particular, Defendant asserted that the RICO Act does not authorize an injunction to be issued to a private party, and in so asserting, cited, as authority, the Ninth Circuit's thirty-two year old decision in the matter of *Religious Technology Center v. Wollersheim*, 796 F.2d 1076, 1088-89 (9th Cir. 1986), *cert. denied*, 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987), as well as *dicta* in the thirty-six year old matter of *Trane Co. v. O'Connor Sec.*, 718 F.2d 26, 27 (2d Cir. 1983). *See* ECF No. 184 at 10-11.

However, Defendant failed to apprise the Court that the Second Circuit expressly rejected those two decisions two years ago in the matter of *Chevron Corp. v. Donziger*, 833 F.3d 74, 137 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2268, 198 L. Ed. 2d 700 (2017), in which the Court, in no uncertain terms, concluded that in the Second Circuit, private parties may be granted injunctive relief pursuant to the RICO statute. In fact, counsel for Defendants Top Q, Inc. and Levy Davidov, in their Opposition to Plaintiffs' Motion (ECF No. 185), agree with Plaintiffs that *Chevron* stands for the proposition that the RICO statute authorizes an injunction to be issued to a private party. *See* ECF No. 185 at 8.  In particular, the Second Circuit in *Chevron* held:

> "Neither the Supreme Court nor this Court has decided the question of whether RICO authorizes a court to award equitable relief to a private plaintiff. *See, e.g.,*

M‍orrison M‍ahoney LLP

Hon. LaShann DeArcy Hall
August 7, 2018
Page 2

> *RJR Nabisco, Inc. v. European Community*, –––U.S. –––, 136 S.Ct. 2090, 2111 n.13, 195 L.Ed.2d 476 (2016); *Scheidler v. National Organization for Women, Inc.*, 537 U.S. 393, 411, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003) ("NOW II"); *Trane Co. v. O'Connor Securities*, 718 F.2d 26, 28–29 (2d Cir. 1983) (expressing doubt as to the availability of such relief to RICO private plaintiffs). Of the two federal Courts of Appeals that have decided the issue, the Seventh Circuit has found such relief authorized, *see National Organization for Women, Inc. v. Scheidler*, 267 F.3d 687, 695 (7th Cir. 2001) ("NOW I"), *reversed on other grounds*, 537 U.S. 393, 123 S.Ct. 1057, 154 L.Ed.2d 991 (2003), and the Ninth Circuit has found it unauthorized, s*ee Religious Technology Center v. Wollersheim*, 796 F.2d 1076, 1088-89 (9th Cir. 1986), cert. denied, 479 U.S. 1103, 107 S.Ct. 1336, 94 L.Ed.2d 187 (1987). Other Circuits that have addressed the issue obiter have expressed divergent views. *See, e.g., NOW I*, 267 F.3d at 695 (collecting cases). **We conclude that a federal court is authorized to grant equitable relief to a private plaintiff who has proven injury to its business or property by reason of a defendant's violation of § 1962, largely for the reasons stated by the Seventh Circuit opinion in *NOW I*."**

*Chevron Corp.,* 833 F.3d 74 at 137 (emphasis supplied).

Accordingly, in view of the *Chevron* holding, Defendant's entire argument (Def. Memo of Law at 10-12) (that the RICO Act doesn't authorize an injunction to be issued to a private party) must be rejected.

Thank you for your consideration in this regard.

                                                    Respectfully submitted,

                                                    Morrison Mahoney, LLP

                                                    By:  /s/ Daniel S. Marvin
                                                            Daniel S. Marvin

Cc: All Counsel (Via ECF)