# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

|  |  |  |  |
|---|---|---|---|
| James A. McKenney<br>Phone: 646-870-1742<br>Fax:     646-233-1916<br>jmckenney@morrisonmahoney.com | WALL STREET PLAZA<br>88 PINE STREET, SUITE 1900<br>NEW YORK, NY 10005<br>212-825-1212 | MASSACHUSETTS<br>BOSTON<br>FALL RIVER<br>SPRINGFIELD<br>WORCESTER<br><br>CONNECTICUT<br>HARTFORD<br>STAMFORD<br><br>ENGLAND<br>LONDON | NEW HAMPSHIRE<br>MANCHESTER<br><br>NEW JERSEY<br>PARSIPPANY<br><br>NEW YORK<br>NEW YORK<br><br>RHODE ISLAND<br>PROVIDENCE |

January 14, 2020

**VIA ECF**

Hon. Robert M. Levy
United States Magistrate Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

    **Re**:   ***Allstate Insurance Co., et al. v. Artur Avetisyan, et al.***
            **Docket No. 1:17-CV-4275 (LDH) (RML)**

Dear Judge Levy:

    We represent Plaintiffs in the above-referenced matter. Pursuant to your Honor's Individual Practice Rules, Rule 2(E), we write to respectfully request a four (4) month enlargement of the time to complete fact discovery.[1] The current deadline to complete fact discovery is February 17, 2020. Plaintiffs are seeking an extension until June 17, 2020. This is the third request for an extension of the discovery schedule.[2]

    Since the September 16th minute entry, Plaintiffs have continued to work diligently and expeditiously to complete fact discovery. Notwithstanding Plaintiffs' efforts to move discovery forward, Defendants have engaged in several efforts to frustrate the completion of party depositions, which has necessitated motion practice. In that regard, Defendants have on two separate occasions refused to agree to set a deposition schedule for the remaining party depositions. First, Defendants refused to agree to a deposition schedule with Plaintiffs, disputing the order in which the parties would be deposed, which resulted in a December 2, 2019 Minute Entry through which the Court set the order of depositions.[3] Second, after this Court had already resolved the

---

[1] Plaintiffs have conferred with counsel for Defendants concerning this request and could not reach agreement on an extension.

[2] By minute entry dated September 16, 2019, fact discovery was extended to February 17, 2020. Prior extensions were on consent of the parties.

[3] The Court designated that one deposition of Defendants would go first, followed by Plaintiffs 30(b)(6) witness and thereafter the last deposition of defendants would proceed. *See* December 2, 2019, Minute Entry.

**MORRISON MAHONEY LLP**

Hon. Robert M. Levy
January 14, 2020
Page 2

issue concerning the order of depositions, Defendants again refused to agree to a schedule unless Defendants could designate which of their remaining clients would go first, thereby supplanting Plaintiffs' choice of which deposition it would take. After Plaintiffs' motion to set a schedule and responses were filed, finding no merit to Defendants' position, the Court directed that Plaintiffs were entitled to designate which remaining Defendant they would take in accordance with the previously set order of depositions. *See* Minute Entry dated December 19, 2019. With the forgoing issues resolved, the parties agreed to dates for the remaining party depositions. Presently, the deposition of Gala Trading, Inc. is scheduled for January 16, 2020, the deposition of Plaintiffs' corporate designee is scheduled for January 24, 2020 and the deposition of Igal Blantz in scheduled for February 6, 2020.

Since that time, the Plaintiffs have worked to resolve various other issues related to some post-deposition discovery requests, sending correspondence to Defendants concerning discovery requested prior to a during the deposition of Defendants Lenex Services, Inc. and Alexander Blantz and conducting several meet and confer telephone conferences, including as recently as January 10, 2020, in an attempt to resolve the issues without the need for court intervention. At present, some of the issues appear to be resolved and Defendants have agreed to make additional document productions. In addition, Plaintiffs have become aware that Defendants have just recently subpoenaed two (2) additional depositions for Plaintiffs' employees. To that end, Plaintiffs have received a copy of one subpoena and are awaiting a copy of the second, and the parties are currently discussing the proposed witnesses, including any issues with the subpoenas.

Finally, Plaintiffs anticipate noticing at least five (5) additional non-party depositions prior to the close of discovery. However, due to scheduling conflicts, witness availability, as well as potential issues with recent subpoenas from the Defendants, it will prove exceedingly difficult for the parties to complete all of the anticipated depositions by the February 17th deadline. Furthermore, during this continued course of discovery, Plaintiffs anticipate that during the depositions, and following the completion thereof, there may be some additional party and nonparty discovery that will need to be conducted. Indeed, Plaintiffs cannot (and could not) anticipate the full extent of the need for additional discovery until the party depositions are complete and those depositions (currently ongoing) were delayed in significant part by Defendants' unwillingness to set a schedule, requiring Court intervention. In addition, the parties continue to exchange limited document discovery, respond to demands and to produce non-party documents on a rolling basis. Moreover, Plaintiffs are still waiting on non-party responses to discovery which, upon receipt, will be reviewed and exchanged.

In light of the foregoing, notwithstanding the Plaintiffs' best efforts and progress in the area of discovery, and considering the various delays caused by Defendants, it is respectfully requested that the Court grant this brief extension to allow the for the completion of the depositions and to address any discovery issues that may arise in that time.

**MORRISON MAHONEY LLP**

Hon. Robert M. Levy
January 14, 2020
Page 3

      Thank you for your consideration in this regard.

                                          Respectfully submitted,

                                          Morrison Mahoney, LLP

                                          By: <u>James A. McKenney</u>
                                                James A. McKenney

CC: All Counsel (Via ECF)