# THE MEAD LAW FIRM, P.C.

20-77 STEINWAY STREET, SUITE SL, ASTORIA, NEW YORK 11105
TEL: (866) 306-5547 Alt. TEL: (718) 306-2107 F: (866) 306-0337 (*Not for Service of Process)
wmeadlaw@gmail.com

**VIA ECF**                                                                  January 27, 2020
Hon. Robert M. Levy: United States Magistrate Judge
United States District Court: Eastern District of New York
225 Cadman Plaza East, Brooklyn, New York 11201

*Re: Defendants' Opposition to Plaintiffs' Motion to Extend the Discovery Deadlines at Dkt. 263; Allstate Ins. Co., et. al, v. Avetisyan, et., al., 17CV4275 (LDH)(RML)*

Dear Judge Levy:

This firm represents Defendants, Alexander Blantz ("A. Blantz"), Lenex Services Inc., ("Lenex"), Igal Blantz ("I. Blantz"), and Gala Trading, Inc. ("Gala"), and writes to oppose Plaintiffs' Motion to Extend the Discovery Deadlines at Dkt. 263, which is scheduled to close on February 16, 2020.

Plaintiffs' request to extend the close of discovery is based primarily on Plaintiffs' requests to depose an additional seven (7) non-party depositions (Dr. Shaikh Ahmed, MD, Dr. Emil Stracar, MD, Dr. Jeremy Whitfield, DC, Dr. Ramy Hanna, MD, Alexander Sikarevich, Jonathan Lame, and Eleonora Eisenberg), all of which Plaintiffs were fully aware of as potential witnesses either through Allstate's own claim records, throughout this litigation, or the GEICO litigation, and as such are without excuse and should not be permitted. Allstate presents no good excuse for these *en masse*, last minute notices, except to make defending this action financially unbearable for the Defendants.

## DEPOSITIONS HELD

The depositions of Lenex, A Blantz, Gala, and Allstate's 30(b)(6) have been held. The deposition of Igal Blantz in his personal capacity remains, and is scheduled for February 6, 2020. Allstate's SIU Representative who conducted the on-sight inspections of Lenex and Gala has been subpoenaed (noticed for January 27, 2020); and one of Allstate's Claims Representatives (noticed for February 11, 2020), Allstate's counsel has requested that those dates be adjourned.

## THE NOTICED DOCTORS WERE WELL WITHIN PLAINTIFFS' KNOWLEDGE FOR YEARS BOTH THROUGH THE CLAIMS PROCESSING RECORDS, THE GEICO CASE, AND THIS ACTION

Just as a brief background, this action was initiated by the Allstate Plaintiffs on July 19, 2017. It is beyond any reasonable dispute, that Allstate and its attorneys have been reviewing and tracking the Docket from the *GEICO v. Lenex Services, Inc.* et al.,

1

E.D.N.Y., 16cv6030 action, which was filed on October 31, 2016. On January 30, 2018, the Defendants in the *GEICO v. Lenex Services, Inc.* et al., E.D.N.Y., 16cv6030 action, filed Dkt. 71 in that case, which included excerpts of the deposition transcripts of both GEICO's Lead SIU Investigator, Theresa Sarlo, as well as Dr. Shaikh Ahmed, M.D. In this action the Allstate Plaintiffs disclosed claim files containing prescriptions/orders for DME, evidencing that Allstate has known that Dr. Shaikh Ahmed, M.D. was a prescribing/ordering doctor of DME for years, prior to Allstate's R. 45 Notice of January 14, 2020 to Dr. Shaikh Ahmed (Plaintiffs have not yet shown whether Dr. Ahmed or its other requested deponents have even been served). Similarly, although Dr. Jeremy Whitfield, DC was deposed in *GEICO v. Lenex Services, Inc.* et al., E.D.N.Y., 16cv6030 action, on October 23, 2017, which was the subject of public filings *via* ECF on *GEICO v. Lenex Services, Inc.* et al., E.D.N.Y., 16cv6030, Allstate made no deposition efforts.

Quite simply, Allstate has no excuse, given its own claim files for the belated deposition notices[1] to any of the doctors, Dr. Shaikh Ahmed, MD, Dr. Emil Stracar, MD, Dr. Jeremy Whitfield, DC, and Dr. Ramy Hanna, MD. Likewise, Alexander Sikarevich of AAS Accounting, and the existence of his declaration provided to GEICO, was on the publically filed JPTO list filed by GEICO in *GEICO v. Lenex Services, Inc.* et al., E.D.N.Y., 16cv6030 action in April of 2019. Again, there is no good reason why Allstate did not depose Mr. Sikarevich, and waited until now to do so.

While the document discovery has been provided by both parties on a continued basis (Allstate waited until the night before their 30(b)(6) witness's deposition to disclose to Defense counsel, their SIU Reports with the handwritten notes, as well as a previously undisclosed site visit report by an SIU representative), Lenex in fact provided document discovery this past week / Plaintiffs have agreed to provide certain document discovery during the last meet/confer but have yet to do so, and the parties have continued to meet and confer regarding the same, yet the document discovery does not justify the need for a 4-month extension with seven (7) new depositions from Plaintiffs.

Defendants have ordered, but have not been provided with the transcript of the Gala deposition, which is expected to be provided by the stenographer this Friday, January 31, 2020, and Defendants reserve their rights to dispute Plaintiffs' references to what was testified to in the Gala deposition.

Should the Court decide to permit another extension of the discovery schedule, Defendants respectfully request that the Court set reasonable limits as to the litany of the last minute depositions requested by Plaintiffs.

Respectfully submitted,

/s/
_____
Wesley Mead

cc: *All Counsel of Record (via ECF)*

---

[1] Plaintiffs have not provided notice, as to which, if any, deposition subpoenas were actually served.