



## *WebCivil Local - Appearance Detail*

Court: **Richmond County Civil Court**
Index Number: **CV-701054-18/RI**
Case Name: **Almatcare Medical Supply, Inc., AAO Tamara Nelson vs. Allstate Insurance Company**
Case Type: **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Outcome Type | Judge Part | Motion Seq |
|---|---|---|---|---|---|
| 01/16/2020 | 09:30 AM | Motion | Granted - Index Disposed | Honorable Sharon A. Bourne-Clarke<br>Part 41 - Non-Procedural Motions No Fault | 002 |

[ Close ]   [ Show All Appearances ]

Exhibit 30

Case 1:17-cv-04275-RPK-RML    Document 274-33    Filed 07/01/20    Page 2 of 29 PageID #: 8123

### New York State Unified Court System



## *WebCivil Local - Motion Detail*

Court:           **Richmond County Civil Court**
Index Number:    **CV-701054-18/RI**
Case Name:      **Almatcare Medical Supply, Inc. vs. Allstate Insurance Company**
Case Type:       **Civil**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Nature of Decision/Judge | Decision Date | Order Signed Date |
|---|---|---|---|---|---|---|
| 002 | 09/27/2018 | Plaintiff | Judgment - Summary | Granted - Index Disposed<br>Before Judge: Honorable Sharon A. Bourne-Clarke | | |
| 001 | 06/15/2018 | Plaintiff | Judgment - Default | Granted to Extent per Order<br>Before Judge: Honorable Lisa Grey | | |

Close

Exhibit 30

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 3 of 29 PageID #: 8124





# *WebCivil Local - Appearance Detail*

Court:            **Richmond County Civil Court**
Index Number:     **CV-700562-18/RI**
Case Name:        **Almatcare Medical Supply, Inc., AAO Natasha Cupidore vs. Allstate Fire and Casualty Insurance Company**
Case Type:        **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Outcome Type | Judge Part | Motion Seq |
|---|---|---|---|---|---|
| 01/27/2020 | 09:30 AM | Trial: Bench | Decision for All Plaintiffs Against All Defendants | Honorable Joy Campanelli Part 58 - Trial No-Fault | |

Close      Show All Appearances

Exhibit 30

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 4 of 29 PageID #: 8125





# WebCivil Local - Appearance Detail

Court:              **Richmond County Civil Court**
Index Number:   **CV-700563-18/RI**
Case Name:       **Almatcare Medical Supply, Inc., AAO Savior Davis vs. Allstate Fire and Casualty Insurance Company**
Case Type:       **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Outcome Type | Judge Part | Motion Seq |
|---|---|---|---|---|---|
| 02/10/2020 | 09:30 AM | Trial: Bench | Decision for All Plaintiffs Against All Defendants | Honorable Lisa Grey Part 58 - Trial No-Fault | |

[Close]  [Show All Appearances]

Exhibit 30

American Arbitration Association
New York No-Fault Arbitration Tribunal

In the Matter of the Arbitration between:

| | | |
|---|---|---|
| AVA Custom Supply Inc. (Applicant) | AAA Case No. | 17-18-1087-3832 |
| | Applicant's File No. | GS-592687 |
| - and - | Insurer's Claim File No. | 0456050871 |
| | NAIC No. | 19232 |
| Allstate Insurance Company (Respondent) | | |

## ARBITRATION AWARD

I, Eileen Casey, the undersigned arbitrator, designated by the American Arbitration Association pursuant to the Rules for New York State No-Fault Arbitration, adopted pursuant to regulations promulgated by the Superintendent of Insurance, having been duly sworn, and having heard the proofs and allegations of the parties make the following **AWARD:**

Injured Person(s) hereinafter referred to as: EIP

1. Hearing(s) held on                    12/05/2019
   Declared closed by the arbitrator on    12/05/2019

   Annemarie Lanni, Esq. from Law Offices Of Gabriel & Shapiro, LLC. participated for the Applicant

   Meghan McDonough, Esq. from Law Offices of John Trop participated for the Respondent

2. The amount claimed in the Arbitration Request, **$ 371.70**, was NOT AMENDED at the oral hearing.
   Stipulations WERE NOT made by the parties regarding the issues to be determined.

3. Summary of Issues in Dispute

   The EIP (BR), a 28-year-old male, was injured in a motor vehicle accident on May 8, 2017. The amount claimed is $371.70 for a cervical posture pump provided on July 6, 2017. Respondent neither paid nor denied the bill but instead requested additional verification. The issue is whether Respondent established that the request for arbitration is premature as there is an outstanding request for verification.

4. Findings, Conclusions, and Basis Therefor

Exhibit 30

This case was decided based upon oral arguments and a review of the documents contained in the ADR Center maintained by the American Arbitration Association. The amount claimed is $371.70 for a cervical posture pump provided on July 6, 2017.

**Applicant's Prima Facie Case**

The evidence demonstrates that the EIP (BR), a 28-year-old male, was injured in a motor vehicle accident on May 8, 2017.

Applicant establishes a prima facie case of entitlement to reimbursement of its claim by the submission of a completed NF-3 form or similar document documenting the facts and amounts of the losses sustained and by submitting evidentiary proof that the prescribed statutory billing forms [setting forth the fact and the amount of the loss sustained] had been mailed and received and that payment of no-fault benefits were overdue. See, *Mary Immaculate Hospital v. Allstate Insurance Company*, 5 A.D.3d 742, 774 N.Y.S.2d 564 (2nd Dept. 2004). I find that Applicant established a prima facie case for reimbursement.

**Requests for Additional Verification**

Respondent neither paid nor denied the bill in dispute but instead requested additional verification.

It is accepted that once presented, a claim for health care benefits must be paid or denied within (30) thirty days of an insurer's receipt thereof. This period may be tolled by requesting additional verification, as provided by 11 NYCRR Section 65-3.8 (a) (1). The insurer must make the verification request within fifteen (15) business days from its receipt of the claim, pursuant to 11 NYCRR Section 65-3.5. If a response to the initial request for additional verification is not received by the carrier within thirty (30) days, then, within ten (10) calendar days after the thirty-day period, the carrier must make a second request. See, 11 NYCRR Section 65-3.6. An insurer is not obligated to pay or deny a claim until it has received all relevant information.

The evidence demonstrates that Respondent received the bill in dispute on July 31, 2017. An initial request for additional verification was sent on August 21, 2017 and a follow-up request was sent on October 3, 2017. The requests asked for an examination under oath of Applicant and the EIP; copies of wholesale invoices; copies of documents demonstrating Applicant's purchase of the billed for medical supplies; proof of receipt of the billed for medical supplies; copies of canceled checks copies of documents relating to measurements; information concerning the person that fitted, customized, and/or measured the EIP; and a copy of the license issued by the Department of Health and/or any other agency of the state of New York.

There was no evidence of a response from Applicant.

Applicant's counsel argued that the time for Respondent to pay or deny the bill in dispute was not properly tolled as the follow-up request for verification, sent on October

3, 2017, was untimely. Applicant's counsel noted that Respondent's October 3, 2017 follow-up request was issued 13 days after the expiration of the 30-day period within which Applicant was required to respond to the initial August 21, 2017 verification request.

Respondent's counsel argued that the delay in sending the follow-up request was de minimis and Respondent was entitled to the information requested.

Under 65-3.6 (b), the second verification request must be mailed within 10 days if any requested verification has not been supplied to the insurer within 30 calendar days after the original request. Where an initial verification request has gone unanswered, a late follow-up verification is not afforded the benefit of a reduction under 11 NYCRR 65.15(g)(10) in the 30-day period to pay or deny a claim. *L.I. First Aid Medical Supply, Inc. v. Progressive Cas. Ins. Co*. 196 Misc.2d 258, 764 N.Y.S.2d 335 (Civ. Ct. Queens Co. 2003); see also, *Westchester Medical Center v. Allstate Ins. Co.,* 112 A.D.3d 916, 978 N.Y.S.2d 24 (2 Dept. 2013). An insurer is required to send a timely follow-up verification request where the initial one is not responded to. *Glassman v. State Farm Mutual Automobile Insurance* Co., 192 Misc.2d 264, 746 N.Y.S.2d 337 (App. Term 2 & 11 Dists. 2002). A failure to submit a timely follow-up verification request will void the tolling of the insurer's time in which to submit a denial, and will preclude the insurer from asserting a defense based on the claimant's failure to produce requested verification. *Prime Psychological Services, P.C. v. ELRAC, Inc*., 25 Misc.3d 1244(A), 906 N.Y.S.2d 782 (Table), 2009 N.Y. Slip Op. 52579(U) at 3, 2009 WL 4894360 (Civ. Ct. Richmond Co., Katherine A. Levine, J., Dec. 4, 2009).

### Findings

Based upon the foregoing, the evidence demonstrated that the initial verification request was dated August 21, 2017 and, since the verification requested was not received within 30 calendar days (September 20, 2017), a follow-up verification should have been sent within 10 calendar days (September 30, 2017). The follow-up request was sent on October 3, 2017, which was three days late. I find that the evidence established that Respondent's follow-up request for verification was late and Respondent is therefore precluded from asserting a defense based on the Applicant's failure to produce the requested verification. Accordingly, Applicant's claim is granted in its entirety.

5. Optional imposition of administrative costs on Applicant.
   Applicable for arbitration requests filed on and after March 1, 2002.

   I do NOT impose the administrative costs of arbitration to the applicant, in the amount established for the current calendar year by the Designated Organization.

6. **I find as follows with regard to the policy issues before me:**
   ☐ The policy was not in force on the date of the accident
   ☐ The applicant was excluded under policy conditions or exclusions
   ☐ The applicant violated policy conditions, resulting in exclusion from coverage

☐ The applicant was not an "eligible injured person"
☐ The conditions for MVAIC eligibility were not met
☐ The injured person was not a "qualified person" (under the MVAIC)
☐ The applicant's injuries didn't arise out of the "use or operation" of a motor vehicle
☐ The respondent is not subject to the jurisdiction of the New York No-Fault arbitration forum

Accordingly, the applicant is AWARDED the following:

A.

| Medical | | From/To | Claim Amount | Status |
|---------|---------|---------|--------------|--------|
| | AVA Custom Supply Inc. | 07/06/17 - 07/06/17 | $371.70 | Awarded: $371.70 |
| Total | | | $371.70 | Awarded: $371.70 |

B. The insurer shall also compute and pay the applicant interest set forth below. 02/23/2018 is the date that interest shall accrue from. This is a relevant date only to the extent set forth below.

Since the claim(s) in question arose from an accident that occurred on or after April 5, 2002, the insurer shall compute and pay the applicant the amount of interest computed from the above date, which is the date that arbitration was requested, at the rate of 2% per month, simple, and ending with the date of payment of the award, subject to the provisions of 11 NYCRR 65-3.9 (c).

C. Attorney's Fees

The insurer shall also pay the applicant for attorney's fees as set forth below

Respondent shall pay Applicant an attorney's fee, in accordance with 11 NYCRR § 65-4.6(d). Therefore, the insurer shall pay the applicant an attorney's fee of 20% of benefits plus interest, with no minimum fee and a maximum fee of $1,360. However, if the benefits and interest awarded thereon is equal to or less than the respondent's written offer during the conciliation process, then the attorney's fee shall be based upon the provisions of 11 NYCRR 65-4.6(b).

D. The respondent shall also pay the applicant forty dollars ($40) to reimburse the applicant for the fee paid to the Designated Organization, unless the fee was previously returned pursuant to an earlier award.

This award is in full settlement of all no-fault benefit claims submitted to this arbitrator.

State of New York
SS :
County of Nassau

I, Eileen Casey, do hereby affirm upon my oath as arbitrator that I am the individual described in and who executed this instrument, which is my award.

12/22/2019                                                                                        Eileen Casey
(Dated)


**IMPORTANT NOTICE**

*This award is payable within 30 calendar days of the date of transmittal of award to parties.*

*This award is final and binding unless modified or vacated by a master arbitrator. Insurance Department Regulation No. 68 (11 NYCRR 65-4.10) contains time limits and grounds upon which this award may be appealed to a master arbitrator. An appeal to a master arbitrator must be made within 21 days after the mailing of this award. All insurers have copies of the regulation. Applicants may obtain a copy from the Insurance Department.*

**ELECTRONIC SIGNATURE**

**Document Name:** Final Award Form
**Unique Modria Document ID:**
206ab98da72f274ffde8f46014a02078

**Electronically Signed**

Your name: Eileen Casey
Signed on: 12/22/2019

Exhibit 30

American Arbitration Association
New York No-Fault Arbitration Tribunal

In the Matter of the Arbitration between:

| | | |
|---|---|---|
| AVA Custom Supply Inc.<br>(Applicant) | AAA Case No. | 17-19-1118-9452 |
| | Applicant's File No. | GS-578923 |
| - and - | Insurer's Claim File No. | 0456050871 |
| | NAIC No. | 29688 |
| Allstate Insurance Company<br>(Respondent) | | |

## ARBITRATION AWARD

I, Eileen Casey, the undersigned arbitrator, designated by the American Arbitration Association pursuant to the Rules for New York State No-Fault Arbitration, adopted pursuant to regulations promulgated by the Superintendent of Insurance, having been duly sworn, and having heard the proofs and allegations of the parties make the following **AWARD:**

Injured Person(s) hereinafter referred to as: EIP

1. Hearing(s) held on                          12/05/2019
   Declared closed by the arbitrator on     12/05/2019

   Annemarie Lanni, Esq. from Law Offices Of Gabriel & Shapiro, LLC. participated for the Applicant

   Meghan McDonough, Esq. from Law Offices of John Trop participated for the Respondent

2. The amount claimed in the Arbitration Request, **$ 1,868.49**, was NOT AMENDED at the oral hearing.
   Stipulations WERE NOT made by the parties regarding the issues to be determined.

3. Summary of Issues in Dispute

   The EIP (BR), a 28-year-old male, was injured in a motor vehicle accident on May 8, 2017. The amount claimed is $1,868.49 for a cervical pillow, lumbosacral orthosis (LSO), lumbar cushion, and egg crate mattress provided on May 20, 2017 and an LSO and knee support provided on June 22, 2017. Respondent neither paid nor denied the bills but instead requested additional verification. The issue is whether Respondent established that the request for arbitration is premature as there is an outstanding request for verification.

Exhibit 30

B. The insurer shall also compute and pay the applicant interest set forth below. 02/05/2019 is the date that interest shall accrue from. This is a relevant date only to the extent set forth below.

Since the claim(s) in question arose from an accident that occurred on or after April 5, 2002, the insurer shall compute and pay the applicant the amount of interest computed from the above date, which is the date that arbitration was requested, at the rate of 2% per month, simple, and ending with the date of payment of the award, subject to the provisions of 11 NYCRR 65-3.9 (c).

C. Attorney's Fees

The insurer shall also pay the applicant for attorney's fees as set forth below

Respondent shall pay Applicant an attorney's fee, in accordance with 11 NYCRR § 65-4.6(d). Therefore, the insurer shall pay the applicant an attorney's fee of 20% of benefits plus interest, with no minimum fee and a maximum fee of $1,360. However, if the benefits and interest awarded thereon is equal to or less than the respondent's written offer during the conciliation process, then the attorney's fee shall be based upon the provisions of 11 NYCRR 65-4.6(b).

D. The respondent shall also pay the applicant forty dollars ($40) to reimburse the applicant for the fee paid to the Designated Organization, unless the fee was previously returned pursuant to an earlier award.

This award is in full settlement of all no-fault benefit claims submitted to this arbitrator.

State of New York
SS :
County of Nassau

I, Eileen Casey, do hereby affirm upon my oath as arbitrator that I am the individual described in and who executed this instrument, which is my award.

12/27/2019
(Dated)

Eileen Casey

**IMPORTANT NOTICE**

4. Findings, Conclusions, and Basis Therefor

This case was decided based upon oral arguments and a review of the documents contained in the ADR Center maintained by the American Arbitration Association. The amount claimed is $1,868.49 for a cervical pillow, lumbosacral orthosis (LSO), lumbar cushion, and egg crate mattress provided on May 20, 2017 and an LSO and knee support provided on June 22, 2017.

**Applicant's Prima Facie Case**

The evidence demonstrates that the EIP (BR), a 28-year-old male, was injured in a motor vehicle accident on May 8, 2017.

Applicant establishes a prima facie case of entitlement to reimbursement of its claim by the submission of a completed NF-3 form or similar document documenting the facts and amounts of the losses sustained and by submitting evidentiary proof that the prescribed statutory billing forms [setting forth the fact and the amount of the loss sustained] had been mailed and received and that payment of no-fault benefits were overdue. See, *Mary Immaculate Hospital v. Allstate Insurance Company*, 5 A.D.3d 742, 774 N.Y.S.2d 564 (2nd Dept. 2004). I find that Applicant established a prima facie case for reimbursement.

**Requests for Additional Verification**

Respondent neither paid nor denied the bills in dispute but instead requested additional verification.

It is accepted that once presented, a claim for health care benefits must be paid or denied within (30) thirty days of an insurer's receipt thereof. This period may be tolled by requesting additional verification, as provided by 11 NYCRR Section 65-3.8 (a) (1). The insurer must make the verification request within fifteen (15) business days from its receipt of the claim, pursuant to 11 NYCRR Section 65-3.5. If a response to the initial request for additional verification is not received by the carrier within thirty (30) days, then, within ten (10) calendar days after the thirty-day period, the carrier must make a second request. See, 11 NYCRR Section 65-3.6. An insurer is not obligated to pay or deny a claim until it has received all relevant information.

As to the bill for the durable medical equipment provided on May 20, 2017, the evidence demonstrates that Respondent received the bill in dispute on June 23, 2017. An initial request for additional verification was sent on July 11, 2017 and a follow-up request was sent on August 22, 2017. The requests asked for an examination under oath of Applicant and the EIP; copies of wholesale invoices; copies of documents demonstrating Applicant's purchase of the billed for medical supplies; proof of receipt of the billed for medical supplies; copies of canceled checks copies of documents relating to measurements; information concerning the person that fitted, customized, and/or measured the EIP; and a copy of the license issued by the Department of Health and/or any other agency of the state of New York.

Applicant submitted a September 19, 2017 response, with proof of mailing on September 19, 2017, concerning the durable medical equipment provided on May 20, 2017. The response noted that the requests were generalized and did not relate to any particular bill. The response stated that the equipment was billed according to the DME fee schedule and therefore none of the items requested were relevant or necessary to assist in verifying the claim. The response also noted that the EUO requests fail to toll Respondent's time to pay or deny the claim. The response provided Applicant's New York Consumer Affairs license and the license of Artur Aveisyan. Response also noted that Applicant objected to the remaining request as unduly burdensome and improper.

As to the bill for the durable medical equipment provided on June 22, 2017, the evidence demonstrates that Respondent received the bill in dispute on July 14, 2017. An initial request for additional verification was sent on August 2, 2017 and a follow-up request was sent on September 14, 2017. The requests asked for an examination under oath of Applicant and the EIP; copies of wholesale invoices; copies of documents demonstrating Applicant's purchase of the billed for medical supplies; proof of receipt of the billed for medical supplies; copies of canceled checks copies of documents relating to measurements; information concerning the person that fitted, customized, and/or measured the EIP; and a copy of the license issued by the Department of Health and/or any other agency of the state of New York.

Applicant submitted an August 30, 2017 response, with proof of mailing on August 30, 2017, concerning the durable medical equipment provided on June 22, 2017. The response provided license and certification, delivery receipt, and measurement chart. The response stated that the entire demand was predicated upon improper reasoning and was palpably improper.

Once verification has been received, an insurer has 30 days within which to make a determination on the claim. *Liberty Queens Medical, P.C. v. Tri-State Consumer Ins.,* 188 Misc.2d 835, 839, 729 N.Y.S.2d 882, 885 (Dist. Ct. Nassau Co. 2001).

There is no provision in the No-Fault regulations which permit a claimant or an insurance company to ignore communications from each other without risking its chance to prevail in the matter. *Back to Back Chiropractor, P.C. v. State Farm Mutual Automobile Ins. Co.,* 35 Misc.3d 1241(A), ___ N.Y.S.2d ___, 2012 N.Y. Slip Op. 51088(U) at 5, 2012 WL 2161476 (Dist. Ct. Suffolk Co., C. Stephen Hackeling, J., June 15, 2012).

**Findings**

Based upon the foregoing, I find that the evidence established that Applicant responded to Respondent's requests for verification and made a reasonable attempt to comply with Respondent's requests. I also find that Respondent failed to submit any proof or allegation of non-receipt of the responses. Once verification has been received, an

insurer has 30 days within which to make a determination on the claim. I find that the claim is overdue and Applicant is entitled to reimbursement for the durable medical equipment in dispute, Accordingly, Applicant's claim is granted in its entirety.

5. Optional imposition of administrative costs on Applicant.
   Applicable for arbitration requests filed on and after March 1, 2002.

   I do NOT impose the administrative costs of arbitration to the applicant, in the amount established for the current calendar year by the Designated Organization.

6. **I find as follows with regard to the policy issues before me:**
   - ☐ The policy was not in force on the date of the accident
   - ☐ The applicant was excluded under policy conditions or exclusions
   - ☐ The applicant violated policy conditions, resulting in exclusion from coverage
   - ☐ The applicant was not an "eligible injured person"
   - ☐ The conditions for MVAIC eligibility were not met
   - ☐ The injured person was not a "qualified person" (under the MVAIC)
   - ☐ The applicant's injuries didn't arise out of the "use or operation" of a motor vehicle
   - ☐ The respondent is not subject to the jurisdiction of the New York No-Fault arbitration forum

Accordingly, the applicant is AWARDED the following:

A.

| Medical | | From/To | Claim Amount | Status |
|---|---|---|---|---|
| | AVA Custom Supply Inc. | 05/20/17 - 05/20/17 | $608.49 | Awarded: $608.49 |
| | AVA Custom Supply Inc. | 06/22/17 - 06/22/17 | $1,260.00 | Awarded: $1,260.00 |
| Total | | | $1,868.49 | Awarded: $1,868.49 |

*This award is payable within 30 calendar days of the date of transmittal of award to parties.*

*This award is final and binding unless modified or vacated by a master arbitrator. Insurance Department Regulation No. 68 (11 NYCRR 65-4.10) contains time limits and grounds upon which this award may be appealed to a master arbitrator. An appeal to a master arbitrator must be made within 21 days after the mailing of this award. All insurers have copies of the regulation. Applicants may obtain a copy from the Insurance Department.*

**ELECTRONIC SIGNATURE**

**Document Name:** Final Award Form
**Unique Modria Document ID:**
e1588f1cce099fd08158bcd0056495f1

**Electronically Signed**

Your name: Eileen Casey
Signed on: 12/27/2019

Exhibit 30

American Arbitration Association
New York No-Fault Arbitration Tribunal

In the Matter of the Arbitration between:

| | | |
|---|---|---|
| AVA Custom Supply Inc. (Applicant) | AAA Case No. | 17-18-1089-8494 |
| | Applicant's File No. | GS-527366 |
| - and - | Insurer's Claim File No. | 0433164233 |
| | NAIC No. | 29688 |
| Allstate Fire & Casualty Insurance Company (Respondent) | | |

## ARBITRATION AWARD

I, Matthew Summa, the undersigned arbitrator, designated by the American Arbitration Association pursuant to the Rules for New York State No-Fault Arbitration, adopted pursuant to regulations promulgated by the Superintendent of Insurance, having been duly sworn, and having heard the proofs and allegations of the parties make the following **AWARD:**

Injured Person(s) hereinafter referred to as: Assignor

1. Hearing(s) held on                           01/23/2020
   Declared closed by the arbitrator on     01/23/2020

   Anne Marie Lanni, Esq. from Law Offices Of Gabriel & Shapiro, LLC. participated in person for the Applicant

   Megan McDonough, Esq. from Law Offices of John Trop participated in person for the Respondent

2. The amount claimed in the Arbitration Request, **$ 660.34**, was NOT AMENDED at the oral hearing.
   Stipulations WERE NOT made by the parties regarding the issues to be determined.

3. Summary of Issues in Dispute

   The Assignor, PP, a 52 year old male, was involved in a motor vehicle accident on 10/19/2016. At issue in this case is $660.34 for various durable medical equipment, w hich was provided on 12/20/2016. Respondent issued request for additional verification and then denied the bill based upon Applicant's alleged failure to respond. The issue presented is whether Respondent properly denied the claim.

4. Findings, Conclusions, and Basis Therefor

Exhibit 30

This case was decided based upon the submissions of the parties as contained in the electronic file maintained by the American Arbitration Association, and the oral arguments of the parties' representatives. There were no witnesses. I reviewed the documents contained in MODRIA for both parties and make my decision in reliance thereon.

Pursuant to Insurance Law §5106(a) and 11 NYCRR §65-3.8, No-Fault benefits are overdue if not paid or denied within 30 calendar days after the insurer receives proof of claim, which shall include verification of all of the relevant information requested.

As required by 11 NYCRR §65-3.5(b), the initial request for verification is to be made within 15 business days of receipt of the claim. A request that is sent beyond the 15 business days is still valid so long as it is issued within 30 days from receipt of the claim; such a deviation will simply reduce the insurer's time to pay or deny by the same number of days. 11 NYCRR §65-3.8(l). See Nyack Hosp. v. General Motors Acceptance Corp., 8 NY3d 294, 2007 NY Slip Op 02439 (Court of Appeals, 2007). On the other hand, if the initial request for verification is made beyond 30 days from receipt of the claim, the request will be deemed a nullity and the time to pay or deny will have expired. Compas Med., P.C. v. Farm Family Cas. Ins. Co., 2015 NY Slip Op 51631(U) (App. Term 2nd, 11th and 13th Jud. Dists. 2015). Additionally, after 30 calendar days from the original request, the insurer has a regulatory duty to issue a second verification request within the following 10 calendar days. 11 NYCRR §65-3.6(b).

The obligation to pay or deny a claim is not triggered until the insurer has received all of the relevant information that was requested. Hospital for Joint Diseases v. State Farm Mut. Auto. Ins. Co., 8 AD3d 533, 2004 NY Slip Op 05413 (App. Div., 2nd Dept., 2004). If the insurer can demonstrate that the initial verification request and follow-up verification request were timely issued, and that no response was received, the matter will be deemed premature and not ripe for adjudication. See Mount Sinai Hosp. v. Chubb Group of Ins. Co., 43 AD3d 889, 2007 NY Slip Op 06650 (App. Div., 2nd Dept., 2007).

Furthermore, pursuant to 11 NYCRR §65-3.8(b)(3), "an insurer may issue a denial if, more than 120 calendar days after the initial request for verification, the applicant has not submitted all such verification under the applicant's control or possession or written proof providing reasonable justification for the failure to comply… This subdivision shall apply, with respect to claims for medical services, to any treatment or service rendered on or after April 1, 2013 and with respect to claims for lost earnings and reasonable and necessary expenses, to any accident occurring on or after April 1, 2013."

Respondent received the bill at issue on 1/18/2017. On 2/10/2017 Respondent issued the first request for verification, requesting the following:

> 1. Examination under oath of Applicant (to be conducted by Morrison Mahoney LLP).

> 2. Examination under oath of the claimant-assignor (to be conducted by Law Offices of John Trop).

3. Copies of all wholesale invoices from a wholesaler or other supplier relating to the billed for medical supplies;

4. Copies of documents demonstrating Applicant's purchase of the billed for medical supplies from the wholesaler or other supplier;

5. Proof that Applicant received the billed for medical supplies from the wholesaler or other medical supply company, such as an acknowledgment of receipt form;

6. Copies of cancelled checks, front and back and/or credit card receipts, demonstrating the purchase from a wholesale company or supplier of the billed for medical supplies that were provided to the claimant-assignors;

7. To the extent applicable, documents relating to any measurements that may have been taken of the claimant-assignor of the billed for medical supplies and raw materials used to customize and/or fabricate the billed for medical supplies;

8. To the extent applicable and not previously provided in connection with another claim, name, address, curriculum vitae and certification and/or license for each person that fitted, customized and/or measured the claimant-assignor for the billed for medical supplies; and

9. To the extent applicable and not previously provided in connection with another claim, copy of license issued by the Department of Health and/or any other agency of the State of New York.

A second request for additional verification was sent on 3/13/2017, requesting the same documentation. I note that both requests contain the following language:

Your failure to comply with this verification request by providing GEICO with all of the requested verification under your control or possession within 120 calendar days of this request or by providing reasonable justification for your failure to comply with this verification request may result in this claim being denied.

On 4/24/2017 Applicant responded to these request. The correspondence objects to items 3 through 7. Licensing information is submitted in response to request 8 and 9. Applicant also questions the propriety of the delay for the EUO's.

Respondent never responds to this letter. Respondent instead issues a denial on 7/3/2017 on the basis that Applicant has failed to comply with Respondent's verification requests within 120 calendars days of such request or provide written proof providing reasonable justification for your failure to comply with the verification request.

After a review of all the evidence submitted, I find that Respondent's defense fails. As long as a medical provider's documentation is arguably responsive to an insurer's

verification request, the insurer must act within 30 days of the medical provider's response, or it will be precluded from presenting any non coverage defenses; an insurer must affirmatively act once it receives a response to its verification request. All Health Medical Care, P.C. v. Government Employees Ins. Co., 2 Misc.3d 907, 771 N.Y.S.2d 832 (Civ. Ct. Queens Co. 2004).

As stated in 11 NYCRR 65-3.2 all insurers are to have as a "basic goal the prompt and fair payment to all automobile accident victims" and are to assist applicants in the processing of their claims. Subdivision (f) advises that insurers are to "Respond promptly, when a response is indicated, to all communications from insureds, applicants, attorneys and any other interested persons". Further in All Health Medical Care, P.C. v. Government Employees Insurance Co., 2 Misc.3d 907, 771 N.Y.S.2d 832 (N.Y. Civ. Ct. Queens County 2004) the Court made it clear that an insurer must affirmatively act once it receives a response to its request for verification and its inaction constitutes a waiver of its defenses and entitles the provider to be paid. (Also see MVAIC v. Stand-up MRI of Manhattan, 2011 NY Slip Op 51187U; 32 Misc. 3d 1205A ( Sup. Ct., Queens County 2011)).

I find that Applicant's correspondence is responsive to the requests for additional verification. Applicant provides the licensing information requested, and provides reasonable objections to the other requests.

At the hearing, Respondent argues that it is entitled to the wholesale invoices in order to verify the claim. As to the massager, billed under A9900, I agree. This item has no set cost in the fee schedule. However, when I look at the overall content of the 7/3/2017 correspondence, this letter was "arguably responsive" to the requests for verification, and Respondent needed to follow up for any additional information it needed to process the claim.

I also find that I find that Respondent improperly used the 120 day rule when it issued this denial. The leading case on this issue is by Arbitrator Michael Rosenberger, in Axial Chiropractic, PC v. Geico Insurance Company, AAA# 17-16-1028-1291 (10/4/2016). This case was one of the first regarding 11 NYCRR 65-3.5(o), and has been upheld on appeal, and followed by numerous arbitrators. Arbitrator Rosenberger's well-reasoned analysis breaks down the intent of the amendment to the regulation, and how it should be applied in situations such as the case before me, when Applicant provides a response to Respondent's requests for additional verification within the 120 days. I agree with the holding of Arbitrator Rosenberg that, "Once an applicant has made an attempt at complying with the verification request the denial option ceases and both sides must act in a reasonable and responsive manner to complete the verification of the claim." Accordingly, I find that Respondent acted improperly by issuing the 120 day denial, and Respondent's defense based upon Applicant's alleged failure to respond to its verification request within 120 days fails.

Although not raised at the hearing, I note that when a 120 day denial is invalid, the claim should NOT be dismissed without prejudice due to outstanding verification. An insurer must stand or fall upon the defense upon which it based its refusal to pay and cannot create new grounds. Todaro v. GEICO General Ins. Co., 46 A.D.3d 1086 (3d Dept.

2007); Matter of State Farm Ins. Co. v. Domotor, 266 A.D.2d 219, 220-221 (2d Dept. 1999). Once the insurer has issued a 120-day denial it is stuck with that defense. It cannot then claim verification is still outstanding.

For the above reasons, I find that Respondent's defense fails, and Applicant is awarded the $660.34 at issue.

5. Optional imposition of administrative costs on Applicant.
Applicable for arbitration requests filed on and after March 1, 2002.

I do NOT impose the administrative costs of arbitration to the applicant, in the amount established for the current calendar year by the Designated Organization.

6. **I find as follows with regard to the policy issues before me:**
☐ The policy was not in force on the date of the accident
☐ The applicant was excluded under policy conditions or exclusions
☐ The applicant violated policy conditions, resulting in exclusion from coverage
☐ The applicant was not an "eligible injured person"
☐ The conditions for MVAIC eligibility were not met
☐ The injured person was not a "qualified person" (under the MVAIC)
☐ The applicant's injuries didn't arise out of the "use or operation" of a motor vehicle
☐ The respondent is not subject to the jurisdiction of the New York No-Fault arbitration forum

Accordingly, the applicant is AWARDED the following:

A.

| Medical | | From/To | Claim Amount | Status |
|---------|---|---------|--------------|--------|
| | AVA Custom Supply Inc. | 12/20/16 - 12/20/16 | $660.34 | Awarded: $660.34 |
| **Total** | | | **$660.34** | **Awarded: $660.34** |

B. The insurer shall also compute and pay the applicant interest set forth below. 03/27/2018 is the date that interest shall accrue from. This is a relevant date only to the extent set forth below.

Pursuant to the no-fault regulations, Applicant is awarded interest running from the above-referenced date. Interest shall be calculated "at a rate of two percent per month, calculated on a pro rata basis using a 30 day month." 11 NYCRR §65-3.9(a).

C.  Attorney's Fees

The insurer shall also pay the applicant for attorney's fees as set forth below

The insurer shall pay the applicant an attorney's fee pursuant to the provisions promulgated by the Department of Financial Services in the Sixth Amendment to 11 NYCRR 65-4 (Insurance Regulation 68-D). In accordance with newly promulgated 11 NYCRR 65-4.6(d). "If the claim is resolved by the designated organization at any time prior to transmittal to an arbitrator and it was initially denied by the insurer or overdue, the payment of the applicant's attorney's fee by the insurer shall be limited to 20 percent of the total amount of first-party benefits and any additional first-party benefits, plus interest thereon, for each applicant with whom the respective parties have agreed and resolved dispute, subject to a maximum fee of $1,360.

D.  The respondent shall also pay the applicant forty dollars ($40) to reimburse the applicant for the fee paid to the Designated Organization, unless the fee was previously returned pursuant to an earlier award.

This award is in full settlement of all no-fault benefit claims submitted to this arbitrator.

State of New York
SS :
County of Queens

I, Matthew Summa, do hereby affirm upon my oath as arbitrator that I am the individual described in and who executed this instrument, which is my award.

01/29/2020                                                    Matthew Summa
(Dated)

## IMPORTANT NOTICE

*This award is payable within 30 calendar days of the date of transmittal of award to parties.*

*This award is final and binding unless modified or vacated by a master arbitrator. Insurance Department Regulation No. 68 (11 NYCRR 65-4.10) contains time limits and grounds upon*

*which this award may be appealed to a master arbitrator. An appeal to a master arbitrator must be made within 21 days after the mailing of this award. All insurers have copies of the regulation. Applicants may obtain a copy from the Insurance Department.*

Exhibit 30

**ELECTRONIC SIGNATURE**

**Document Name:** Final Award Form
**Unique Modria Document ID:**
a6b2ecb691fbeefd147a03c1103e7905

**Electronically Signed**

Your name: Matthew Summa
Signed on: 01/29/2020

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 26 of 29 PageID #: 8147



New York State Unified Court System



## WebCivil Local - Appearance Detail

Court:            **Kings County Civil Court**
Index Number:     **CV-062515-15/KI**
Case Name:        **DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC.,, AAO GUZMAN, JOSE vs.**
                  **ALLSTATE INSURANCE COMPANY**
Case Type:        **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Outcome Type | Judge Part | Motion Seq |
|---|---|---|---|---|---|
| 02/20/2020 | 09:30 AM | Motion | Granted | Honorable Matthew P. Blum<br>Part 41 - Non-Procedural No Fault Motions | 001 |

[ Close ]   [ Show All Appearances ]

Exhibit 30

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 27 of 29 PageID #: 8148



**New York State Unified Court System**

## *WebCivil Local - Motion Detail*

| Court: | **Kings County Civil Court** |
| Index Number: | **CV-062515-15/KI** |
| Case Name: | **DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC., vs. ALLSTATE INSURANCE COMPANY** |
| Case Type: | **Civil** |

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Nature of Decision/Judge | Decision Date | Order Signed Date |
|---|---|---|---|---|---|---|
| 001 | 04/03/2018 | Plaintiff | Judgment - Summary | Granted<br>Before Judge: Honorable Matthew P. Blum | | |

Close

Exhibit 30

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 28 of 29 PageID #: 8149





## *WebCivil Local - Appearance Detail*

Court:              **Kings County Civil Court**
Index Number:       **CV-062516-15/KI**
Case Name:          **DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC.,, AAO RODRIGUEZ, RHINA vs. ALLSTATE INSURANCE COMPANY**
Case Type:          **Civil**

**Appearance Information:**

| Appearance Date | Time | Purpose | Outcome Type | Judge Part | Motion Seq |
|---|---|---|---|---|---|
| 02/20/2020 | 09:30 AM | Motion | Granted | Honorable Matthew P. Blum<br>Part 41 - Non-Procedural No Fault Motions | 001 |

| Close | | Show All Appearances |
|---|---|---|

Exhibit 30

Case 1:17-cv-04275-RPK-RML   Document 274-33   Filed 07/01/20   Page 29 of 29 PageID #: 8150



## WebCivil Local - Motion Detail

| | |
|---|---|
| Court: | **Kings County Civil Court** |
| Index Number: | **CV-062516-15/KI** |
| Case Name: | **DAILY MEDICAL EQUIPMENT DISTRIBUTION CENTER, INC., vs. ALLSTATE INSURANCE COMPANY** |
| Case Type: | **Civil** |

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Nature of Decision/Judge | Decision Date | Order Signed Date |
|---|---|---|---|---|---|---|
| 001 | 04/03/2018 | Plaintiff | Judgment - Summary | Granted<br>Before Judge: Honorable Matthew P. Blum | | |

Close

Exhibit 30